UNITED STATES OF AMERICA
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

                                  Crim. No. 24-20024

v.

                                  Hon. Linda V. Parker

**GEORGE MANDARAKAS,**

    Defendant.

---

### DEFENSE COUNSEL'S *EX PARTE* MOTION TO WITHDRAW

Undersigned counsel moves this Court allow him to withdraw as standby counsel and to appoint new standby counsel for Mr. Mandarakas. In support of his motion, counsel states:

1. Counsel represented Mr. Mandarakas in this matter from 12/18/24 until 07/31/2025, and as standby counsel since that date.

2. A prior motion to withdraw was filed on 11/03/25 (ECF 106).

3. At a hearing on that motion, undersigned counsel met with Mr. Mandarakas and agreed to withdraw counsel's motion.

4. At the time of that hearing, counsel was aware only of the response filed as ECF 111.

5. Counsel had not yet received, and was not made aware of, an additional response, now filed as ECF 115.

6. That additional response, authored apparently by TJ Ward (a private investigator based in Atlanta) and filed by Mr. Mandarakas, contains multiple statements and requests that are not based in fact and either state or imply that counsel has been ineffective.

7. In Section II.A.3 and 4, the proponent states that counsel withdrew prior to the November withdraw. In fact, Mr. Mandarakas chose to represent himself and this caused a reassignment of counsel as standby.

8. Section II.C states that counsel is refusing to file critical motions. This allegation is false. Counsel has filed every motion received from the paralegal assigned to assist Mr. Mandarakas in such matters. In fact, counsel has conducted legal research to assist Mr. Mandarakas at his request. Further, Mr. Mandarakas has received copies of every motion filed on his behalf.

9. Section II.C.3 states that counsel has "failed to communicate meaningfully with Mr. Mandarakas." This is demonstrably false. Counsel has had lengthy and numerous communications with Mr. Mandarakas, some of which required research and review of multiple

prior correspondence. For example, in the period 11/5/25 to 11/16/25, the date of the Ward/Mandarakas response, Mandarakas sent 25 emails to counsel and counsel sent 19 emails to Mandarakas.

10. Section II.C.4 claims that Mandarakas has been left without access to family or legal resources and relies on counsel to file "competent, properly formatted motions that comply with Federal rules of Criminal Procedure and local rules." A paralegal was assigned to assist Mr. Mandarakas with formatting and editing of his various motions. Mandarakas, the paralegal, and counsel agreed that counsel would file the motions once completed and formatted and as received from the paralegal. Mandarakas has had his mother, uncle, and private investigators (ex: TJ Ward who authored ECF 115). Counsel has fully complied with all duties as agreed. Mandarakas chose to represent himself and wanted to be responsible for his own motions as established at the Faretta hearing.

11. Section II.C.5 states that "counsel's refusal to file the motions is the 'breakdown' not any unreasonable demand or conduct by Mr. Mandarakas." Again, this is false. Mandarakas, not for the first time, requested that his mother reach out to inform me that Mandarakas was troubled by the lack of communication and transparency. Lest the

Court be left with the impression that his mother took this action on her own, the mother contacted counsel at the insistence of Mandarakas. That email stated:

> From: Debra M <debbieman2023@gmail.com>
> To: Ryan H. Machasic
> Subject: Contact Ryan
> 10/31/2025, 6:13 PM
>
> Hi Ryan,
>
> Please see email from George.
>
> Please contact Ryan and explain that I am concerned by the lack of communication and transparency.
>
> Please tell him to confirm that he has submitted my Pre-Trial Motions, and contacted the Court about my Discovery issues
>
> Thank you,
> Deb Mandarakas

12. In Section IV.A.2, Mandarakas states, though this is only partially legible, that counsel runs "when the representation becomes challenging...." This is false. It was Mandarakas' request to represent himself.

13. The requests on page 4 of ECF 115 are not well taken. First, counsel has filed all motion provided under the procedure agreed to by Mandarakas. Second, counsel has had more than regular communication with Mandarakas.

14. Additionally, counsel would note that Mandarakas did not inform him of the filing of ECF 115 at the time of the prior hearing. Despite his protestations at the hearing, Mandarakas clearly belives that counsel is not providing effective assistance.

15. Counsel is unable to effectively represent a client who makes defamatory claims against him.

16. The breakdown is such that it is inhibiting the inability of undersigned counsel to provide constitutionally effective assistance of counsel.

17. In order to preserve the constitutional guarantees to Mr. Mandarakas, this Court should appoint new standby counsel to represent him going forward.

18. Mr. Mandarakas objects to the undersigned counsel's withdrawal.

WHEREFORE, counsel moves the Court to enter an order removing him as attorney of record and appointing new counsel.

Ryan H. Machasic, P.C.

*s/ Ryan Hugh Machasic*
By: Ryan Hugh Machasic
Standby Counsel for Defendant
1221 Bowers St, #910
Birmingham, MI 48012
586.914.6140
ryan@machasiclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 12/05/2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: attorneys of record.

Further, I hereby certify that on the same date, a copy of:
1. This document was mailed via first-class U.S Mail to the following:

George Mandarakas #93258-510
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

                                        Ryan H. Machasic, P.C.

                                        *s/ Ryan Hugh Machasic*
                                        By: Ryan Hugh Machasic