TRULINCS  93258510 - MANDARAKAS, GEORGE - Unit: MIL-D-A

--------------------------------------------------------------------------------

FROM: Manfredo, Debbie
TO: 93258510
SUBJECT: Immediate Medical Evaluation and Treatment
DATE: 01/14/2026 02:36:09 PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE MANDARAKAS,

Defendant.

Case No: 2:24-cr-20024

Hon. Linda V. Parker



**DEFENDANT'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF FOR IMMEDIATE MEDICAL EVALUATION AND TREATMENT**

Defendant George Mandarakas, appearing pro se, respectfully moves this Court for an Emergency Preliminary Injunction and/or Protective Order compelling the Bureau of Prisons (BOP) and the United States Marshals Service (USMS) to provide immediate, adequate medical care.

Defendant is a pretrial detainee who has been held for over 25 months without trial. During this detention, his health has deteriorated to a life-threatening level. The facility's continued failure to treat documented MRSA infections, cardiac arrhythmia, and internal hemorrhaging constitutes "deliberate indifference" under the Fourteenth Amendment and a violation of the Americans with Disabilities Act (ADA).

## I. STATEMENT OF FACTS

Prolonged Detention: Defendant has been in pretrial detention for approximately 25 months. He maintains his innocence and has no prior criminal convictions.
Repeated Infections: During his detention, Defendant has contracted Methicillin-resistant Staphylococcus aureus (MRSA) on six (6) separate occasions. The facility has treated these with increasingly potent antibiotics, which have severely compromised his immune system.
Untreated Cardiac Condition: Defendant suffers from a cardiac arrhythmia that has gone entirely untreated since his detainment. Given his family history of fatal heart disease (his father recently passed from a heart attack), this condition poses an immediate risk of sudden cardiac arrest.
Internal Hemorrhaging: Defendant is currently experiencing daily bowel hemorrhaging (rectal bleeding). Despite a family history of colon cancer, the facility has denied requests for a colonoscopy or evaluation by a gastrointestinal specialist.
Denial of Outside Care: Independent community physicians are available to evaluate the Defendant, but the facility has denied them access and refused to transport the Defendant to an outside hospital for diagnostic testing.

## II.. LEGAL ARGUMENT

### A. The Fourteenth Amendment Standard for Pretrial Detainees

While the Eighth Amendment protects convicted prisoners, the Fourteenth Amendment's Due Process Clause protects pretrial detainees. Under Kingsley v. Hendrickson, 576 U.S. 389 (2015) and Brawner v. Scott Cty., 14 F.4th 585 (6th Cir. 2021), a pretrial detainee need only show that a defendant acted "deliberately" and "recklessly" in the face of an objectively serious medical need.

TRULINCS  93258510 - MANDARAKAS, GEORGE - Unit: MIL-D-A

--------------------------------------------------------------------------------------------------

Defendant's conditions recurrent MRSA, cardiac arrhythmia, and internal bleeding are "objectively serious." The refusal to provide diagnostic testing (colonoscopy/EKG) despite these symptoms constitutes a reckless disregard for the Defendant's life.

B. The Americans with Disabilities Act (ADA)

The ADA applies to federal prisoners via the Rehabilitation Act and the principles of the ADA. By failing to provide "reasonable accommodations" for Defendant's heart condition and immune-compromised state, the facility is discriminating against him based on his physical disabilities, effectively denying him the "program" of safe housing and basic healthcare.

C. Requirements for Injunctive Relief

Defendant meets the four-part test for a preliminary injunction:

Likelihood of Success: There is no "legitimate penological interest" in allowing a detainee to bleed internally or suffer untreated cardiac distress.
Irreparable Harm: Without an EKG and GI evaluation, Defendant faces permanent organ damage or death. Death is the definition of irreparable harm.
Balance of Equities: The burden on the government to transport the Defendant to a local hospital is minimal compared to the risk of his death.
Public Interest: It is in the public interest to ensure that the government maintains the health of those in its custody who are presumed innocent.

III. REQUEST FOR RELIEF

Defendant George Mandarakas respectfully requests that this Court:

Issue an Order compelling the BOP/USMS to transport Defendant to a local, non-prison medical facility for a full diagnostic evaluation by a cardiologist and a gastroenterologist within 48 hours.
Permit an independent physician to enter the facility to conduct a medical assessment if transport is stayed.
Order the facility to provide a copy of all medical records from the last 25 months to the Defendant immediately.
Respectfully submitted,

/s/ George Mandarakas

George Mandarakas, Pro Se

Dated: January 13, 2026

GEORGE MANDARAKAS
NAME

93258510
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

METROPLEX MI 480

17 JAN 2026  PM 16 L



**RECEIVED**

JAN 21 2026

CLERK'S OFFICE
U.S. DISTRICT COURT

Theodore Levin Courthouse
231 W. Lafayette Blvd.
Detroit MI 48226

✻ Legal Mail - open in presence of Inmate ✻

48226-270099